Weygandt, C. J.
Fortunately the pertinent facts are not in dispute" and are stipulated by counsel.
*392 The nub of this controversy is the amount of the fee to be paid to the village by the relator for the issuance of the sewer permit.
The relator has offered to pay the sum of $5. The respondents insist that the amount should be $300.
This difference of opinion is due to the existence of two different municipal ordinances. The relator contends that the earlier one applies, while the respondents are of the view that the later ordinance controls.
The earlier ordinance was adopted July 8, 1952, and provided for a general permit fee of $5.
The second ordinance was adopted December 16 of that year for the purpose of securing an equitable apportionment of the cost of constructing the village sewer system.
This cost was met in part by the issuance of mortgage revenue bonds and in part by levying special assessments on a tax duplicate valuation basis.
Of course the valuations and consequent assessments on unimproved property were only a fraction of those on improved property. As unimproved property, the relator’s lot was on the tax duplicate at a valuation of $70, and the resulting assessment thereon amounted to only $8.19, which he paid. Then after the relator improved his property by constructing a dwelling thereon, the tax appraisal was increased to $3,710; and if the relator had been required to pay a corresponding assessment thereon, the amount would have been $435.84 instead of the nominal $8.19 he was in fact assessed — a difference of $427.65. In other words, the relator was assessed approximately 1/53 of the amount he would have been required to pay on the higher valuation as did his neighbors.
It was to correct such inequities that the ordinance of December 16,1952, was adopted by the village council. The provisions of the ordinance applicable to the relator read as follows:
*393 ‘ ‘ Section 1. That the following tap-in charges shall be levied on property owners connecting into the sanitary sewerage system of the village of Loveland, Ohio, under the following circumstances:
“(a) Owners of property improved subsequent to the passage of resolution No. 1951-20 on October 16, 1951 — $300.”
It was not until thereafter on May 20, 1953, that the relator made his application for a permit for which he wants to pay $5 instead of $300.
The relator contends that the charge of $300 is in reality a second assessment; that, as such, it must, like the first assessment, be based on a percentage of tax valuation; that hence the charge was made without constitutional or statutory authority; that the charge is discriminatory; and that it constitutes a denial of equal protection of the laws.
However, as observed by the Court of Appeals, it is manifest that the relator has no basis for his complaint of discrimination since the charge he is required to pay is $300 while he would have been compelled to pay the sum of $435.84 had his improved property been assessed at the established rate — -a difference of $135.84 in his favor.
Likewise, this court concurs in the view of the Court of Appeals that the charge is not in fact a second assessment but, as stated in the ordinance, is a charge for permission to connect with the sewer to be paid by owners who have improved their property at a time when they escaped with an inconsequential assessment.
The respondents rely, as did the Court of Appeals, on the unanimous decision of this court in another Hamilton county case of Hermann v. State, ex rel. Cooper, 54 Ohio St., 506, 43 N. E., 990, 32 L. R. A., 734, in which the syllabus reads:
“Where by municipal authority, a system of sewers *394 is constructed with a view of assessing a portion of the costs thereof equally upon the abutting property, and a portion of the assessments is paid and a portion successfully resisted, a rule requiring as a condition to the use of the sewer that those who so resisted shall pay a sum equal to that paid by others toward its construction is not unreasonable. ’ ’
And in the per curiam opinion it was observed: “The rule in question was adopted and properly conditioned to require that those who had not paid assessments should, when desiring to use the sewer, accept an equal burden with those who had. We cannot say that the rule is unreasonable. ’ ’
The relator seeks to distinguish this decision on the ground that some property owners succeeded in having their assessments held invalid because of fraud on the part of the contractor, while in the instant case no assessment has been so held. But this fact in no way affects the principle involved.
The judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Middleton, Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.